IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 18-cv-00737-MSK-SKC

DANIELLE ALFARO,

    Plaintiff,

v.

COUNTY OF ARAPAHOE,
CITY OF CENTENNIAL, and
JOHN AND JANE DOES,

    Defendants.

## ORDER ADOPTING MAGISTRATE RECOMMENDATION RE: DISMISSAL

**THIS MATTER** comes before the Court on the Magistrate Judge's *sua sponte* Recommendation that the Court dismiss the instant case for lack of subject matter jurisdiction (**#23**), issued after issuance of an Order to Show Cause why the matter should not be dismissed for lack of subject matter jurisdiction (**#4**) and consideration of Plaintiff's response thereto (**#18**). The Court has also reviewed Plaintiff Danielle Alfaro's Response thereto (**#31**), which the Court deems to be an Objection to the Recommendation.

    **I.  Jurisdiction**

The Magistrate Judge's Recommendation is that this action be dismissed due to lack of subject matter jurisdiction. The Court properly exercises its jurisdiction to determine whether it has that jurisdiction to determine the merits of Ms. Alfaro's claims. *Weber v. Mobil Oil Corp.*, 506 F.3d 1311, 1313-14 (10th Cir. 2007); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005).

1

## II. Procedural History

Plaintiff Danielle Alfaro ("Ms. Alfaro") initiated this action by filing her *pro se* Complaint on March 29, 2018. (**#1**).[1] As Defendants in this action, she named the County of Arapahoe, the City of Centennial, Colorado, as well as six John Does (collectively, "Defendants").

In her original Complaint, Ms. Alfaro asserts claims against Defendants pursuant to 42 U.S.C. §§ 1983 and 1985 for various purported constitutional violations. *See generally* (**#1**). Upon review of Plaintiff's 51-page Complaint, the basis for Plaintiff's claims appears to be grievances with determinations made by and conduct of Colorado state Judge Bonnie McLean in Ms. Alfaro's domestic relations case in Colorado state court. Indeed, every one of Ms. Alfaro's claims attack either Judge McLean's conduct or Judge McLean's rulings. Ms. Alfaro has since filed two Amended Complaints, and each adds new claims further attacking the conduct of Judge McLean. *See* (**#6; #17**). In each Complaint, Ms. Alfaro requests to enjoin Judge McClean's orders with regard to divorce and child custody matters and monetary relief. *See* (**#1; #6; #17**). Plaintiff has also sought mandamus relief in the form of "immediate summary judgment and injunctive relief by dismissing, reversing, vacating, and/or quashing all biased, prejudicial, and/or void judgments issued at any time during the proceedings of the Arapahoe County Court[.]" (**#7** at 3).

Questioning this Court's subject matter jurisdiction to address Ms. Alfaro's claims, the Magistrate Judge issued an Order to Show Cause. It set forth authority addressing limitations in the scope of this Court's subject matter jurisdiction with regard to domestic relations matters governed by state law and the application of the *Rooker-Feldman* doctrine. Ms. Alfaro

---

[1] This is the second action brought by Ms. Alfaro in which she challenges the determinations made in her state domestic relations action. The first was *Alfaro v. McLean* et al., No. 1:17-cv-00138-LTB (D. Colo. 2017), in which Ms. Alfaro sought to proceed *in forma pauperis*. It too, challenged rulings made by the state court on "constitutional" grounds. Judge Babcock dismissed the action (**#8**) citing application of the so-called domestic relations exception to federal court jurisdiction, and the *Rooker-Feldman* doctrine and *Younger* abstention doctrines.

responded that she seeks no award of divorce, alimony or child custody in this action. Instead, she seeks to vindicate her "constitutional rights".

The Magistrate Judge ruled that notwithstanding Ms. Alfaro's characterization of her claims, the relief that she seeks is essentially a determination of her rights in a state domestic relations case. In essence, Ms. Alfaro seeks appellate type review of determinations made by the state court. In her Objection, Ms. Alfaro renews her previous arguments but does not object to the procedural facts or characterizations made in the Recommendation.

### III. Standard of Review

When a magistrate judge issues a recommendation on a dispositive matter, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews de novo determination those portions of the recommendation to which a timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as: 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The issues to be determined are legal in nature – whether the Court has subject matter jurisdiction to determine the claims asserted, and if so, whether the Court should abstain from doing so.

### IV. Analysis

As observed by the Magistrate Judge, federal courts are courts of limited subject matter jurisdiction. *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015); *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Subject matter jurisdiction is a constitutional prerequisite to hearing a case, and "because it involves a court's power to hear a case, [it] can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Thus, federal courts always have an independent obligation – no matter the stage of litigation – to *sua*

*sponte* consider whether a they have subject matter jurisdiction over the matters before them. *Gad*, 787 F.3d at 1035.

## A.     Domestic Relations Exception to Federal Subject Matter Jurisdiction

"[T]he domestic relations exception... divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *accord Collins v. Schustermann*, 677 Fed. App'x 462, 464 (10th Cir. 2017). The Tenth Circuit has interpreted this doctrine to encompass an attempt by a litigant to "reopen, reissue, correct, or modify" an existing divorce or child custody decree. *Stephens v. Alliant Techsystems Corp.*, 714 Fed. App'x 841, 846 (10th Cir. 2017); *see also Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (holding that the domestic relations exception did not apply because the plaintiff did not seek to change the subject divorce decree).

There is no dispute that this action concerns rulings made by a state judge in a state divorce and child custody proceeding. All of Ms. Alfaro's claims attack orders issued by Judge McLean. Even claims that are facially directed at Judge McLean's conduct, impugn it in service of Ms. Alfaro's request that resulting orders be stayed or invalidated.

Ms. Alfaro argues that she is not directly litigating the prior divorce and child custody decree, but instead, is pursuing independent federal and state constitutional and statutory claims that merely happen to involve Judge McLean's conduct during those proceedings. That is not so. The relief she seeks – at least in large part – is that this Court invalidate the divorce and child custody orders entered by the state court. This is, in essence, a request to modify divorce and child custody decrees that have been issued. This Court lacks jurisdiction to grant such relief. *See Stephens*, 714 Fed. App'x 841, 846; *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.") In addition, Ms. Alfaro's request of a

monetary award would require the Court to pass judgment on the soundness of the family court's conduct and decisions, which the Court is not empowered to do.

> Stating a claim in terms of contract or tort does not determine whether it falls outside the domestic relations exception. The proper inquiry focuses on the type of determination the federal court must make in order to resolve the claim. If the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, or the support obligations of a spouse or parent, then the domestic relations exception is applicable.

*Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989).

For these reasons, the Court concludes that it lacks subject matter jurisdiction to address Ms. Alfaro's claims.

**B.    Abstention under the *Rooker-Feldman* or *Younger* doctrines**

If the Court had subject matter jurisdiction, however, it would nevertheless be compelled to abstain from exercising it in conformance with the *Rooker-Feldman* or *Younger* doctrines.

The *Rooker-Feldman* doctrine applies in circumstances where state courts have entered final orders or judgments. It generally prohibits a party losing in state court from appealing to federal court. *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *Anderson v. Private Capital Group, Inc.*, 549 Fed. App'x 715, 717 (10th Cir. 2013). Tenth Circuit authorities hold that "'it is not necessary that the federal court action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate a state judgment, for example, if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" *Atkinson-Bird v. Utah, Div. of Child and Family Servs.*, 92 Fed. App'x 645, 647 (10th Cir. 2004) (quoting *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003)). Indeed, numerous Tenth Circuit authorities specifically have applied the *Rooker-Feldman* doctrine to preclude lawsuits asserting constitutional challenges to a family court decree like a divorce or child custody order. *See, e.g., Wideman v. Colo.*, 382 Fed. App'x 743, 745 (10th Cir. 2010);

*Jackson v. Davidson*, 272 Fed. App'x 722, 723-24 (10th Cir. 2008); *Atkinson-Bird*, 92 Fed. App'x at 647; *see also Pandey v. Russell*, 445 Fed. App'x 56, 59 (10th Cir. 2011).

A corollary doctrine applies when state court orders and rulings are not final. This is known as the *Younger* abstention doctrine. It generally prohibits federal courts from interfering with ongoing state proceedings." *Hahn v. Reyes*, 698 Fed. App'x 561, 562 (10th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). It applies when (1) there is an ongoing civil proceeding, (2) there is an adequate state forum to raise the plaintiff's claims, and (3) the state proceedings involve important state interests. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). Tenth Circuit authorities have acknowledged that ongoing domestic relations matters involving divorce and child custody proceedings implicate an important state interest, and thus they normally will be sufficient basis for *Younger* abstention. *See, e.g., Thompson v. Romeo*, 728 Fed. App'x 796, 798 (10th Cir. 2018) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992)); *Morkel v. Davis*, 513 Fed. App'x 724, 729 (10th Cir. 2013) (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-

It is not clear what the status of Ms. Alfaro's state domestic relations action is, or whether the rulings of which she complains are final or not. But in either context, to the extent it has subject matter jurisdiction, it is appropriate for this Court to abstain from exercising it. As to final orders, the *Rooker-Feldman* doctrine applies. As to orders not yet final, the *Younger* abstention doctrine applies. Colorado offers Ms. Alfaro opportunities to seek reconsideration and recusal. Once rulings become final, she has avenues of appeal to the Colorado Court of Appeals and, ultimately, the opportunity to request consideration by the Colorado Supreme

Court. In addition, to the extent that Judge McLean's conduct is or was violative of judicial standards, Ms. Alfaro can pursue a judicial disciplinary complaint.

For the foregoing reasons, the Court finds no clear error in the Magistrate Judge's recommendation that this case be dismissed.

**IT IS THEREFORE ORDERED that:** 1) the Magistrate Judge's Recommendation (**#23**) is **ADOPTED;** 2) this case is **DISMISSED WITHOUT PREJUDICE;** 3) all other pending motions are denied, as moot; and 4) the Clerk of the Court shall close the case.

Dated this 25th day of September, 2018.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge

.